UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JOSE ANTONIO BONILLA, and all others
similarly situated

       Plaintiff,

vs.

VMSB, LLC, a Florida Limited Liability
Company,

       Defendant.
_____/

# COMPLAINT

COMES NOW Plaintiff, JOSE ANTONIO BONILLA ("BONILLA"), by and through his undersigned attorney, and hereby sues Defendant, VMSB, LLC ("VMSB"), a Florida Limited Liability Company and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages and retaliation under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). Plaintiff also seeks unpaid wages under Florida law, Fla. Stat. §448.08 (2018).

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute. This court has supplemental jurisdiction over the Florida law claim as the Florida unpaid wage claim is so

related to the claims founded upon the Federal FLSA claims that they form the case and/or controversy.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant VMSB, LLC is a Florida limited liability company which regularly conducted business within the Southern District of Florida as a restaurant located on South Beach.

6. VMSB is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle tools and materials that had moved in interstate commerce. Specifically, BONILLA and at least one other employee of VMSB would routinely handle or use restaurant tools and materials, such as cooking utensils and tools, as well as food supplies. The use of restaurant tools and materials, that were routinely handled or used by BONILLA and at least one other employee on a regular and consistent basis, had travelled in interstate commerce. Furthermore, VMSB, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross sales or business done of VMSB was at all times material hereto in excess of $500,000.00 per annum. VMSB had gross sales or business done was in excess of $125,000, for the first quarter of 2019. Upon information and belief, VMSB is expected to exceed $500,000.00 for the year of 2019.

8. By reason of the foregoing, VMSB is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## **COUNT I: UNPAID OVERTIME WAGES**

9. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10. Plaintiff was employed by the Defendant as a dishwasher.

11. Plaintiff was employed from on or about March 9, 2019 through April 2, 2019.

12. Plaintiff worked approximately 13 hours during the first workweek, approximately 70 hours during the second workweek, approximately 60 hours during the third workweek, approximately 80 hours during the fourth workweek, and approximately 35 hours during the fifth workweek.

13. Plaintiff was paid a rate of $11.00 per hour for the first three workweeks, and was not paid any wages during the fourth and fifth workweek.

14. Plaintiff was not paid overtime wages when he worked more than 40 hours per week. Accordingly, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendant issued payroll records to Plaintiff which did not indicate the number of hours worked in order to obfuscate that Plaintiff worked overtime. Defendant was aware of their

obligation to pay overtime and/or failed to conduct a reasonable investigation as to whether they were obligated to pay overtime wages. Despite the obligation to pay overtime and that Plaintiff was working overtime, Defendant continued to fail to pay overtime wages.

17. The similarly situated individuals are those individuals whom were employed by the Defendant as dishwashers whom were not paid overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory overtime wages, liquidated damages, and reasonable attorney's fees and costs from Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: FLSA MINIMUM WAGES

19. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

20. Plaintiff was employed by the Defendant as a dishwasher.

21. Plaintiff was employed from on or about March 9, 2019 through April 2, 2019.

22. Plaintiff worked approximately 13 hours during the first workweek, approximately 70 hours during the second workweek, approximately 60 hours during the third workweek, approximately 80 hours during the fourth workweek, and approximately 35 hours during the fifth workweek.

23. Plaintiff was paid a rate of $11.00 per hour for the first three workweeks, and was not paid any wages during the fourth and fifth workweek.

24. The FLSA requires that employees be paid a wage not less than $7.25 per hour for each hour worked. Defendants failed to pay minimum wages to the Plaintiff.

25. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

26. Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III: FLORIDA UNPAID WAGE CLAIM

27. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

28. tiff was employed by the Defendant as a dishwasher.

29. Plaintiff was employed from on or about March 9, 2019 through April 2, 2019.

30. Plaintiff worked approximately 13 hours during the first workweek, approximately 70 hours during the second workweek, approximately 60 hours during the third workweek, approximately 80 hours during the fourth workweek, and approximately 35 hours during the fifth workweek.

31. Plaintiff was paid a rate of $11.00 per hour for the first three workweeks, and was not paid any wages during the fourth and fifth workweek.

32. Plaintiff owed unpaid wages for any hours that he worked for Defendant and which were not paid at the agreed rate of $11.00 per hour.

33. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory unpaid wages and reasonable attorney's fees and costs from Defendant pursuant to Fla. Stat. §448.08 (2019), and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: May 2, 2019,

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561

Daniel T. Feld, Esq.
Daniel T. Feld, P.A.
Co-Counsel for Plaintiff
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

By:__/s/ Daniel T. Feld _____
     Daniel T. Feld, Esq.
     Florida Bar Number: 0037013